PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:12cr582-2 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SHEROD MILLER, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Regarding ECF No. 317] |

Defendant entered pleas of guilty to Counts 1 and 2 of the Indictment before a magistrate

judge.  After the Court adopted the magistrate judge's recommendation, with no objections

having been filed, Defendant filed a motion to withdraw his pleas citing a memorandum from

Attorney General Eric Holder.[1]  As explained below, Defendant's motion is denied.

### Law and Argument

"'[T]he withdrawal of a guilty plea prior to sentencing is not an absolute right but is a

matter within the broad discretion of the district court.'"  *United States v. Spencer*, 836 F.2d 236,

238 (6th Cir. 1987), quoting *United States v. Kirkland*, 578 F.2d 170, 172 (6th Cir. 1978) ( per

curiam ).  Federal Rule of Criminal Procedure 11(d) permits the withdrawal of pleas of guilty,

after the court has accepted the pleas, only if a "defendant can show a fair and just reason for

---

[1]  At the sentencing hearing, Defendant also relied on an August 29, 2013 memorandum
from the Attorney General.

(1:12cr582-2)

requesting the withdrawal."  The rule places the burden on a moving defendant to show a "fair and just reason" why withdrawal of a guilty plea should be allowed.  *See, e.g., United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir.), *cert. denied*, 519 U.S. 973 (1996).  "[T]he aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty."  *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (internal quotation omitted), *cert. denied*, 502 U.S. 1117 (1992).  Only if the court rejects the agreement will the defendant have the opportunity to withdraw his plea for any reason without the "fair and just reason" requirement.  *United States v. Hyde*, 520 U.S. 670, 676 (1997).

Whether the defendant has shown a fair and just reason is based on an evaluation of the totality of the circumstances, including the following seven factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994).

No one factor is controlling; however, in this matter, several factors strongly counsel against granting Defendant's motion.  The following addresses an unexhausted list of those reasons.

2

(1:12cr582-2)

### *The length of time between the guilty plea and the motion to withdraw–over 100 days*

Defendant waited over 100 days to seek withdrawal of his plea.  This lengthy delay in seeking to withdraw his plea of guilty, alone, would normally weigh against the withdrawal of the plea.  *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004).  In *Valdez*, the court said an unjustified 75-day delay alone supported the denial of defendant's motion to withdraw.  *Id.*  *See also, United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) (defendant's 77-day delay was the strongest factor supporting the district court's denial of withdrawal of a guilty plea); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir.1996) (unexplained 67-day delay was enough to deny motion to withdraw); *Bashara*, 27 F.3d at 1181 (six week delay was too long); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1998) (55-day delay was too long); *United States v. Spencer*, 836 F.2d 236, 239-40 (6th Cir. 1987) (five week delay was too long); *United States v. Haygood*, 549 F.3d 1049, 1053 (6th Cir. 2008) (four and one-half month delay in making a motion to withdraw guilty plea was fatal).

During the sentencing hearing, however, the Court agreed to calculate the time elapsed between the Attorney General's issuance of the August 12, 2013 memorandum and the filing of the motion to withdraw–approximately 22 days.  While not insignificant, the Court does not deny the motion on the basis of only the 22-day delay.  The Court remarks, however, that even the 22-day delay speaks of buyer's remorse more so than an unsure heart or a confused mind.  In this case, even the 22-day delay discourages the finding of a fair and just reason to withdraw the pleas of guilty.

3

(1:12cr582-2)

### *Defendant does not claim innocence; he pleaded voluntarily*

More significant in the Court's analysis than the delay in seeking withdrawal, is Defendant's failure to claim innocence as a basis for withdrawal.  Defendant, in open court and under oath, entered pleas of guilty to Counts 1 and 2 pursuant to a written plea agreement  ECF No. 238 (Sealed Plea Agreement).  During the plea colloquy, Defendant informed the magistrate judge that he was satisfied with his counsel's representation, understood the possible penalties, including the mandatory minimum sentence related to Count 1, and understood that the sentencing judge's imposition of a sentence greater than that discussed in the written plea agreement would not be a basis for the withdrawal of his pleas of guilty, among other important terms.  ECF No. 213 (Transcript of Plea Colloquy).  Defendant also assured the Court that he had not been coerced into making the plea; he pleaded guilty voluntarily.  Defendant's agreement with the factual basis confirms that he pleaded guilty because he is, indeed, guilty.  Defendant has presented no evidence and made no arguments to the contrary.  "[A] defendant who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements" to the judge prior to sentencing.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir.), *cert. denied*, 508 U.S. 943 (1993) (internal quotation omitted).  *See also, Fontaine v. United States*, 411 U.S. 213, 215 (1973).  Defendant does not present an exception.[2]

---

[2] *See, e.g.*, ECF No. 213 at 26 (Transcript of Plea Colloquy):

COURT: I am now going to ask you some questions, Mr. Miller, about the voluntariness of your plea and the plea agreement.  Is your decision to plead guilty the result of an exercise of your own free will?

4

(1:12cr582-2)

### *Defendant's background, i.e. prior convictions, personal use of drugs portrays a person well acquainted with a life of crime and the criminal justice system*

Defendant has a significant juvenile and adult criminal record in addition to a history of drug abuse. Defendant's twelve prior adult convictions, alone, articulate a great familiarity with the criminal justice system. Defendant is not a first-time offender surprised to learn the consequences of his actions. These combined factors militate against permitting the withdrawal of his pleas of guilty.

### *Defendant offers no valid reason for seeking to withdraw his pleas and there is no new law obligating the Court to grant his motion*

Defendant's reliance on the memoranda[3] issued by Attorney General Holder to invalidate his pleas is without basis. While laudable, the Attorney General's explanation of policy and the guidance provided to federal prosecutors has no binding effect on the Court.[4] More importantly, Defendant clearly is outside of the scope of those persons the policy and guidance is intended to benefit. The Attorney General asks that prosecutors decline to charge mandatory minimum drug

---

DEFENDANT: Yes.

COURT: Has anyone threatened you or threatened anyone else or forced you in any way to plead guilty?

DEFENDANT: No.

[3] Dated August 12 and 29, 2013.

[4] The Court continued the sentencing to permit the Court to consider the application of the Attorney General's memoranda. Counsel for the United States assured the Court that Defendant's case was reviewed and application of the memorandum was not found to be "legally and practically feasible." *See* ECF No. 327 at 8-9.

5

(1:12cr582-2)

offenses when a defendant meets *each of the four criteria* listed in his August 12, 2013 memorandum.[5]  Defendant does not meet the first or fourth criteria.[6]  Defendant has admitted involvement in a drug conspiracy that led to the death of a person–Lacey Cramblit.  And, if Cramblit's death were not sufficient to exclude Defendant from consideration, the significance of his criminal history certainly is.  Defendant has, after adjustment, 12 criminal history points; 12 points is far in excess of the "three or more" referred to by the Attorney General when describing a "significant criminal history."[7]

## Conclusion

Defendant's hope of further consideration due to the Attorney General's memoranda has not presented any viable basis for withdrawal of his pleas of guilty when the circumstances of his case is fully considered.

---

[5] The August 29, 2013 memorandum explains the application to the policy and guidance at various stages of criminal proceedings.

[6] Restated in part: "prosecutors should decline to charge the quantity necessary to trigger a mandatory minimum sentence if the defendant meets *each* of the following criteria: . . . [first criterium] The defendant's relevant conduct does *not* involve . . . the death or serious bodily injury of any person." (Internal notes omitted) (Emphasis added)

[7] Restated in part, the fourth criterium in the August 12, 2013 memorandum states: "[t]he defendant does not have a significant criminal history.  A significant criminal history will normally be evidenced by three or more criminal history points but may involve fewer . . ."

6

(1:12cr582-2)


      For all the reasons mentioned herein, Defendant's motion to withdraw his pleas of guilty to Count 1 and 2 is denied.


      IT IS SO ORDERED.


  December 20, 2013                          /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge